Bill of exception No. 3 complains of a portion of the doctor's testimony which was withdrawn from the jury. We see no error therein.

Bills of exception Nos. 6 and 7 relate to unanswered questions propounded to appellant concerning his marital status. In each case, the court sustained the appellant's objection. Appellant has not brought his case within the rule of Smith v. State, 44 Tex.Cr.R. 137, 68 S.W. 995, until he shows that the jury actually received some information that he was a married man at the time of the commission of the offense. This is not shown by these bills. The facts of the case at bar on this point are almost identical to those in our rela-tively recent opinion in Turpin v. State, 149 Tex.Cr.R. 179, 192 S.W.2d 277.

Bill of exception No. 8 reflects that one of appellant's witnesses was asked, on cross-examination, if he had been convicted of aggravated assault on a woman. The witness answered that he had not been convicted. The court sustained the objection, and no error is shown.

The effort to bring before this Court for review the continued questioning of the District Attorney on the subject without a formal bill of exception is futile. This is not directed to the admission or exclusion of evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

### BRASUELL v. STATE.

No. 25834.

Court of Criminal Appeals of Texas.

May 21, 1952.

934

No attorney for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This purports to be an appeal from a conviction for false imprisonment, with punishment assessed at sixty days' confinement in jail.

The notice of appeal in this case appears only as a notation upon the motion for a new trial. It does not appear as a judgment entered in the minutes of the court. Such is necessary to constitute a valid notice of appeal. Art. 827, Vernon's C.C.P., and authorities there cited.

A valid notice of appeal is necessary to the jurisdiction of this court.

The appeal is dismissed.

Opinion approved by the Court.